**UNITED STATES BANKRUPTCY COURT**
**NORTHERN DISTRICT OF GEORGIA**
**ATLANTA DIVISION**

| | | |
|---|---|---|
| IN RE: | ) | CHAPTER 13 |
| ASHIA LATRAIL DOUGLAS | ) | CASE: A18-71487-JWC |
| | ) | |
| | ) | |
| **DEBTOR** | ) | |

**CHAPTER 13 TRUSTEE'S OBJECTION TO CONFIRMATION**
**AND MOTION TO DISMISS CASE**

COMES NOW, Nancy J. Whaley, the Standing Chapter 13 Trustee herein, and objects to Confirmation of the plan for the following reasons:

1.

The plan as proposed will extend to sixty-three (63) months, which exceeds the sixty (60) months allowed by 11 U.S.C. Section 1322(d).

2.

An Employer Deduction Order for Debtor's plan payments has not yet been requested by the Debtor. The Trustee opposes the Debtor making payments directly to the Trustee and requests they be remitted by payroll deduction to ensure feasibility of the instant case.

3.

The Trustee requests proof of income and a copy of the 2018 tax return in order to determine the accuracy and veracity of the plan and/or Schedules. 11 U.S.C. Section 521(1), 11 U.S.C. Section 1325(a)(3), and 11 U.S.C. Section 1325(b)(1)(B).

4.

The Debtor has failed to provide to the Trustee a copy of the 2017 tax return filed with Internal Revenue Service in violation of 11 U.S.C. Section 521(e)(2)(A).

5.

The Trustee requests proof of non-filing spouse auto payments and child support payments in order to determine the accuracy and veracity of the plan and/or Schedules. 11 U.S.C. Section 521(1), 11 U.S.C. Section 1325(a)(3), and 11 U.S.C. Section 1325(b)(1)(B).

6.

The Chapter 13 Trustee requests proof of the post-petition mortgage payments in order to determine feasibility of proposed plan pursuant to 11 U.S.C. 1325(a)(6).

7.

The Chapter 13 Trustee requests proof of the post-petition homeowner's association payments or monthly savings for the payment in order to determine feasibility of proposed plan pursuant to 11 U.S.C. 1325(a)(6).

8.

The Debtor's pay advices indicate that the Debtor's income and payroll deductions differ from Schedule I. The Trustee requests that the Schedules be amended to reflect this income or additional documentation to support the currently filed Schedules be remitted to the Trustee. 11 U.S.C. Section 101(10A), 11 U.S.C. Section 1325(b)(6) and 11 U.S.C Section 1325(a)(3).

9.

The Chapter 13 plan proposes to pay $5,000.00 to the Debtor's attorney for payment of attorney fees. The Trustee is unable to determine whether this is a reasonable fee and requests that Debtor's counsel appear at Confirmation and be prepared to present evidence to the Court regarding the reasonableness of the requested fee.

WHEREFORE, the Trustee moves the Court to inquire into the above objections, deny Confirmation of the Debtor's plan, and to dismiss the case.

This the 14th day of February, 2019.

Respectfully submitted,

/s/_____
Julie M. Anania
Attorney for the Chapter 13 Trustee
State Bar No. 477064

# CERTIFICATE OF SERVICE

Case No:  A18-71487-JWC

This is to certify that I have this day served the following with a copy of the foregoing Chapter 13 Trustee's Objection To Confirmation And Motion To Dismiss Case by depositing in the United States mail a copy of same in a properly addressed envelope with adequate postage thereon.

**Debtor(s)**
ASHIA LATRAIL DOUGLAS
6075 CENTENNIAL RUN
ATLANTA, GA  30349


**By Consent of the parties,** the following have received an electronic copy of the foregoing Chapter 13 Trustee's Objection To Confirmation And Motion To Dismiss Case through the Court's Electronic Case Filing system.

**Debtor(s) Attorney:**
SLIPAKOFF & SLOMKA, PC
se@myatllaw.com



This the 14th day of February, 2019.


/s/_____
Julie M. Anania
Attorney for the Chapter 13 Trustee
State Bar No. 477064
303 Peachtree Center Avenue, NE
Suite 120
Atlanta, GA 30303